UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANIBAL S. MORALES,

        Petitioner,

v.                                    Case No:   2:13-cv-569-Ftm-29CM

STATE OF FLORIDA,

        Respondent.
_____/

**ORDER OF DISMISSAL**

This case is before the Court on Petitioner Anibal S. Morales' ("Petitioner's") 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1, filed August 1, 3013). Petitioner challenges his convictions and sentences for felony murder, aggravated battery, and attempted second degree murder entered by the Circuit Court for the Twentieth Judicial Circuit, Lee County, Florida in case number 05-CF-19770. Id. at 1.

The Court ordered Respondent to show cause why the relief sought in the petition should not be granted (Doc. 8). On December 17, 2013, Respondent filed a limited response in which it incorporated a motion to dismiss the habeas petition as time-bared (Doc. 14). The Court ordered Petitioner to respond to the motion to dismiss by January 17, 2014, but Petitioner neither filed a response nor requested an extension of time in which to do so. The motion is now ripe for review.

After carefully examining Respondent's motion to dismiss, the record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

## I.   Background and Procedural History

On April 20, 2009, Petitioner was convicted of first-degree felony murder, aggravated battery, and two counts of attempted second-degree murder (Doc. 14 at 1-2). Petitioner was sentenced to three life sentences and a separate sentence of fifteen years in prison (Doc. 1 at 1). All sentences were ordered to run consecutively. Id.

Petitioner appealed his conviction and sentences, and Florida's Second District Court of Appeal *per curiam* affirmed on December 3, 2010 (Ex. 1); Morales v. State, 49 So.3d 757 (Fla. 2d DCA 2010).[1] Mandate issued on December 29, 2010 (Ex. 2).

On January 17, 2012, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (Ex. 4). The post-conviction court dismissed the Rule 3.850 motion as facially insufficient and allowed Petitioner thirty days to file a facially and legally sufficient motion (Ex. 5). Petitioner filed a partially amended Rule 3.850 motion on March 9, 2012 (Ex. 7). The post-conviction court dismissed the partially amended motion as

---

[1] Unless otherwise noted, references to exhibits (Ex. ___ at ___) are to those filed by Respondent on December 19, 2013 (Doc. 16).

2

unauthorized, but granted Petitioner an extension of time to file an amended Rule 3.850 motion (Ex. 8). Petitioner filed his amended Rule 3.850 motion on May 1, 2012 (Ex. 11).

The instant petition was filed, pursuant to the mailbox rule, on July 29, 2013 (Doc. 1).

**II. Analysis**

    ***a. Petitioner's federal habeas corpus petition is subject to a one-year statute of limitation***

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply.  Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

### b.  *Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)*

Florida's Second District Court of Appeal affirmed Petitioner's conviction on December 3, 2010 (Ex. 1).  The conviction then became final ninety days later on March 3, 2011. Bond v. Moore, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek certiorari in Supreme Court after direct review in state courts); Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273 (11th Cir. 2006) (one-year statute of limitations established by AEDPA began to run 90 days after Florida appellate court affirmed habeas petitioner's conviction, not 90 days after mandate was issued by that court).

Petitioner had one year from that date, or until March 3, 2012, to file his federal habeas petition.  See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method" under which the limitations period expires on anniversary of date it began to run).

Petitioner's federal Petition was not filed until July 29, 2013 (Doc. 1).  Therefore, it is untimely under § 2244(d)(1)(A) unless tolling principles apply to render it timely.

4

### *1. Petitioner's habeas corpus petition is not subject to statutory tolling*

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed a tolling Rule 3.850 motion on January 17, 2012 (Ex. 4). By that time, 320 days of his limitations period had lapsed. Petitioner's Rule 3.850 motion was dismissed as facially insufficient on February 9, 2012 (Ex. 5). Because the state court struck Petitioner's initial Rule 3.850 motion as facially insufficient, there was nothing "pending" in the state court between the date the post-conviction court struck the initial motion and the date Petitioner filed an amended motion on May 1, 2012. See Moore v. Crosby, 321 F.3d 1377 (11th Cir. 2003) (an amended Rule 3.850 motion does not relate back so as to toll the idle period between the date of the Court's order striking the initial motion and the date the petitioner filed his amended motion); Smith v. Buss, No. 3:09-cv-278/MCR/EMT, 2011 WL 818157, at *6 (N.D. Fla. Feb. 4, 2011) (motion not pending so as to toll AEDPA statute of limitations during period between date court struck the initial Rule 3.850 motion as facially insufficient and date Petitioner filed another Rule 3.850 motion).

Without a pending tolling post-conviction application, Petitioner had only 45 remaining days, or until March 26, 2012, to

5

timely file a federal habeas petition. Petitioner waited until May 1, 2012 to file his amended Rule 3.850 motion (Ex. 11). However, by that time, Petitioner's AEDPA period had lapsed, and the May 1, 2012 Rule 3.850 motion could not operate to toll the statute of limitation. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition that is filed following the expiration of the federal limitations cannot toll the limitations period because there is no remaining period to be tolled).

Petitioner filed the instant federal habeas petition on July 29, 2013, 490 days after the expiration of his time to do so. Accordingly, Petitioner is not entitled to statutory tolling of the AEDPA limitations period.

### 2. *Petitioner's habeas corpus petition is not subject to equitable tolling*

The Eleventh Circuit has held that "the AEDPA's statute of limitations may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence[.]" Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (internal quotation marks omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Id.

6

Despite having an opportunity to do so, Petitioner did not file a response in opposition to Respondent's motion to dismiss his habeas petition as time barred.  However, Petitioner argues in the body of his § 2254 petition that the post-conviction erred when it refused to accept his March 9, 2012 partial amended motion for post-conviction relief (Doc. 1 at 15).  He also argues that it would have been difficult to comply with the post-conviction court's thirty-day deadline because of his transfer to another prison.  Id.  These arguments do not warrant equitable tolling. See, e.g., Fonseca v. McNeil, No. 08-80777-civ, 2009 WL 196095, at *4 (S.D. Fla. Jan 27, 2009) (transfers between prisons, solitary confinement, lockdowns, and restricted access to law libraries do not warrant equitable tolling).

Even if this Court were to conclude that the post-conviction court should have accepted Petitioner's partially amended Rule 3.850 motion so as to stop the AEDPA clock, Petitioner has not shown that he has acted diligently, a burden necessary to sustain a claim of extraordinary circumstances. Drew v. Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002).  At the time he filed his facially insufficient Rule 3.850 motion, Petitioner had only 45 un-tolled days remaining of the AEDPA statute of limitation.  Petitioner has not attempted to explain why he waited more than a year between the denial of his direct appeal and the filing of his first, facially insufficient, Rule 3.850 motion.  Unpersuasive is Petitioner's

7

argument in the instant petition that, as a common layman, he has not learned that diligence must be "carefully applied" (Doc. 1 at 15). See Johnson v. United States, 544 U.S. 295, 311 (2005)("the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

Petitioner was not the victim of "extraordinary circumstances that [were] both beyond his control and unavoidable even with diligence," and thus, he does not qualify for equitable relief. Knight, 292 F.3d at 711. Neither has Petitioner exercised the level of diligence required to show the "rare and exceptional circumstances" that qualify a petitioner for equitable tolling. See Lawrence, 421 F.3d at 1226.

Based on the foregoing, this petition for writ of habeas corpus is dismissed as time barred pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Anibal S. Morales (Doc. 1) is **DISMISSED WITH PREJUDICE** as time barred.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___7th___ day of April, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 4/7/14
Copies: Anibal S. Morales
Counsel of Record